**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-50720
Summary Calendar

GENERAL ACCIDENT INSURANCE COMPANY,

Plaintiff-Appellant,

VERSUS

FRED K. JAMES; ELIZABETH RODRIGUEZ,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas
January 23, 1997

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

As a result of an automobile accident and an alleged assault, Elizabeth Rodriguez sued Fred K. James and his employer in Texas state court. James was insured by General Accident Insurance Company ("General Accident") at the time of the accident and alleged assault. General Accident, who is not a party to the state court suit, filed an action pursuant to 28 U.S.C. § 2201 in the

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

United States District Court seeking a declaration that it does not have a duty either to defend James or to pay any judgment obtained by Rodriguez in the pending state court suit.

The district court dismissed the suit *sua sponte* on the ground that a district court may abstain from exercising its jurisdiction when a suit is pending before a state court capable of resolving the issue at hand. General Accident unsuccessfully moved for reconsideration.

We review a district court's dismissal of a declaratory judgment action for abuse of discretion. Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 29 (5th Cir. 1989). A district court abuses its discretion when it does not address and balance "the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record." Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc., 996 F.2d 774, 778 (5th Cir. 1993). In Travelers we listed six factors that a district court must consider on the record, although the district court is free to consider additional factors. Id.

In this case, the district court considered only the first such factor, i.e., whether there is a pending state action in which all of the matters in controversy may be litigated. Because the district court did not consider all of the relevant factors, we are compelled to hold that it abused its discretion in dismissing the suit. See id. at 779.

REVERSED and REMANDED.